UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PARRIS MCKNIGHT | ) | CASE NO. |
| 12901 Shady Oak Blvd. | ) | |
| Garfield Heights, OH 44125 | ) | JUDGE |
| | ) | |
| *and* | ) | **PLAINTIFFS' CLASS AND** |
| | ) | **COLLECTIVE ACTION** |
| DAWN ADAMS | ) | **COMPLAINT** |
| 9324 Limeridge Rd. | ) | |
| Mantua, OH 44255 | ) | (Jury Demand Endorse Herein) |
| | ) | |
| *and* | ) | |
| | ) | |
| MATTHEW BAILEY | ) | |
| 9324 Limeridge Rd. | ) | |
| Mantua, OH 44255 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| RYAN EVANS | ) | |
| 316 Orrville Ave | ) | |
| Cuyahoga Falls, OH 44221 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| COREY GREEN | ) | |
| 4364 State Route 82 | ) | |
| Mantua, OH 44255 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| DERESSE JACKSON | ) | |
| 12923 Hlavin Ave. | ) | |
| Cleveland, OH 44105 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| LATONYA JORDAN | ) | |
| 13501 Coath Ave. | ) | |
| Cleveland, OH 44120 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |

JOSHUA LIVINGSTON )
2101 Reserve Cir. N. )
Lorain, OH 44053 )
)
    *and* )
)
MICHAEL METZ )
7492 E. Oralee Ln. )
Hudson, OH 44236 )
)
    *and* )
)
ROBERT METZ )
16035 Squirrel Hollow Ln. )
Strongsville, OH 44136 )
)
    *and* )
)
FREDERICK MIDGLEY )
12530 Mantua Center Rd. )
Mantua, OH 44255 )
)
    *and* )
)
RANDI ROBINSON )
12305 Farringdon Ave. )
Cleveland, OH 44105 )
)
    *and* )
)
TIA ROBINSON )
3410 E. 143rd St. )
Cleveland, OH 44120 )
)
    *and* )
)
TYRONN TAYLOR )
34200 Ridge Rd., Apt. 218 )
Willoughby, OH 44094 )
)
*On behalf of themselves and all others* )
*similarly situated,* )
)
        Plaintiffs, )
)
    *v.* )

2

|                                  |   |
|----------------------------------|---|
| ERICO INTERNATIONAL              | ) |
| CORPORATION                      | ) |
| c/o Statutory Agent              | ) |
| Corporation Service Company      | ) |
| 50 West Broad Street, Suite 1330,| ) |
| Columbus, Ohio 43215             | ) |
|                                  | ) |
| Defendant.                       | ) |

Parris McKnight, Dawn Adams, Matthew Bailey, Ryan Evans, Corey Green, Deresse Jackson, Latonya Jordan, Joshua Livingston, Michael Metz, Robert Metz, Frederick Midgley, Randi Robinson, Tia Robinson, and Tyronn Taylor, by and through counsel, for their Class and Collective Action Complaint against Defendant Erico International Corporation (hereinafter also referred to as "Erico" or "Defendant"), state and allege the following:

## <u>INTRODUCTION</u>

1.      Plaintiffs bring this case to challenge the policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio.

2.      Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of … themselves and other employees similarly situated" (the "FLSA Collective").

3.      Plaintiffs also bring this case as a class action under Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

4.      On September 7, 2021, in the matter of *Hardimon v. Erico International Corporation*, N.D. Ohio Case No. 1:20-cv-00246 (the "*Hardimon*" settlement"), a court within

3

this District and Division approved a settlement pursuant to the FLSA, 29 U.S.C. § 216(b), for seventy-six (76) individuals who filed or joined the matter by submitting consent forms pursuant to 29 U.S.C. § 216(b), and who worked at two of Defendant's facilities in Solon, Ohio. The *Hardimon* settlement provided the plaintiff and the opt-ins in that case, after attorneys' fees and costs, "more than 90% of their alleged unpaid overtime pay damages." However, while the individuals who opt-ed into the *Hardimon* case released their "Fair Labor Standards Act, applicable state wage statutes including the Ohio Minimum Fair Wage Standards Act, the Ohio Prompt Pay Act, and/or the common law" claims, the Plaintiffs in this case, as well as other individuals who did not participate in the *Hardimon* settlement including individuals who opt-into this matter pursuant to 29 U.S.C. § 216(b) and other Ohio Class members pursuant to Fed. R. Civ. P. 23, now seek to exercise their rights to unlawfully withheld overtime wages and additional statutory liquidated damages in this matter.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.     This Court has supplemental jurisdiction over Plaintiffs' claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

7.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

## PARTIES

8.      Plaintiff Parris McKnight is an individual and a resident of Cuyahoga County, Ohio.

9.      Plaintiff Dawn Adams is an individual and a resident of Portage County, Ohio.

10.     Plaintiff Matthew Bailey is an individual and a resident of Portage County, Ohio.

11.     Plaintiff Ryan Evans is an individual and a resident of Summit County, Ohio.

12.     Plaintiff Corey Green is an individual and a resident of Portage County, Ohio.

13.     Plaintiff Deresse Jackson is an individual and a resident of Cuyahoga County, Ohio.

14.     Plaintiff Latonya Jordan is an individual and a resident of Cuyahoga County, Ohio.

15.     Plaintiff Joshua Livingston is an individual and a resident of Lorain County, Ohio.

16.     Plaintiff Michael Metz is an individual and a resident of Summit County, Ohio.

17.     Plaintiff Robert Metz is an individual and a resident of Cuyahoga County, Ohio.

18.     Plaintiff Frederick Midgley is an individual and a resident of Portage County, Ohio.

19.     Plaintiff Randi Robinson is an individual and a resident of Cuyahoga County, Ohio.

20.     Plaintiff Tia Robinson is an individual and a resident of Cuyahoga County, Ohio.

21.     Plaintiff Tyronn Taylor is an individual and a resident of Lake County, Ohio.

22.     Defendant Erico is an Ohio corporation for profit with its principal place of business / headquarters at 34600 Solon Road, Solon, Ohio 44139.  According to records maintained by the Ohio Secretary of State, Defendant Erico's statutory agent for service of

process is Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

## FACTUAL ALLEGATIONS

### Defendant's Business

23.     Defendant's website, https://www.erico.com/products.asp, states that "vVent ERICO" is a manufacturer of "[g]rounding, bonding, lightning protection and electrical rail connection solutions for commercial, industrial, utility, rail, alternative energy and telecom end user groups."[1] Defendant also manufactures components for electrical and fastening solutions.

24.     Defendant utilizes hourly non-exempt employees and other workers with similar job titles and/or positions of Defendant in furtherance of its business purpose.

### Defendant's Status as an Employer

25.     At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. Chapter 4111 and employed hourly non-exempt employees, including Plaintiffs and other members of the FLSA Collective and Ohio Class.

26.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

27.     At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

28.     Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

29.     Defendant was an employer of Plaintiffs and other members of the FLSA Collective and Ohio Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined

---

[1] https://www.erico.com/products.asp (last accessed Sept. 27, 2021).

employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

30.     Upon information and belief, additional persons also qualify as employers under the FLSA and Ohio law, which broadly defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); O.R.C. 4111.14(B) (incorporating the same meanings as the FLSA for the terms "employer," "employee," and "employ"). These to-be-identified individual and/or corporate persons were involved in the business operations of Erico, controlled the purse strings of Erico, had control over significant aspects of Erico's day-to-day functions (including determining employee wages), had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rates and methods of payment, and/or maintained, or were required to maintain, employment records.

## Plaintiffs', the FLSA Collective's, and Ohio Class's Employment Statuses with Defendant

31.     Plaintiff Parris McKnight was employed by Defendant from approximately August 2015 to July 2020 as a press operator.

32.     Plaintiff Dawn Adams was employed by Defendant from approximately March 2018 to January 2020 as an assembler.

33.     Plaintiff Matthew Bailey has been employed by Defendant since approximately June 2002 to the present. At present, Plaintiff Matthew Bailey works for Defendant as a tool and die maker.

34.     Plaintiff Ryan Evans has been employed by Defendant since approximately October 2010 to the present. At present, Plaintiff Ryan Evans works for Defendant as a tool and die maker.

35.     Plaintiff Corey Green has been employed by Defendant since approximately 1994 to the present. At present, Plaintiff Corey Green works for Defendant as a tool and die maker.

36.     Plaintiff Deresse Jackson has been employed by Defendant since approximately July 2013 to the present. At present, Plaintiff Deresse Jackson works for Defendant as a machine operator.

37.     Plaintiff Latonya Jordan was employed by Defendant from approximately June 2016 to May 2021 as an assembly worker and a fabrication operator.

38.     Plaintiff Joshua Livingston has been employed by Defendant since approximately January 2015 to the present.  At present, Plaintiff Joshua Livingston works for Defendant as a tool and die maker.

39.     Plaintiff Michael Metz has been employed by Defendant since approximately July 2001 to the present.  At present, Plaintiff Michael Metz works for Defendant as a tool and die maker.

40.     Plaintiff Robert Metz has been employed by Defendant since approximately August 1999 to the present.  At present, Plaintiff Robert Metz works for Defendant as a press setup operator.

41.     Plaintiff Frederick Midgley has been employed by Defendant since approximately 1995 to the present.  At present, Plaintiff Robert Metz works for Defendant as a tool and die maker.

42.     Plaintiff Randi Robinson was employed by Defendant from approximately July 2017 to July 2021 as an assembly operator.

43.     Plaintiff Tia Robinson was employed by Defendant from approximately April 2016 to June 2021 as an assembly worker and fabrication operator.

44.     Plaintiff Tyronn Taylor was employed by Defendant from approximately November 2007 to September 2021 as a press operator trainee and a fabrication operator.

45.     At all times relevant, Plaintiffs and other members of the FLSA Collective and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

46.      At all times relevant, Plaintiffs and other members of the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**<u>Defendant's Failure to Pay for All Hours, Including Overtime Hours, Worked</u>**

47.     The FLSA and Ohio law required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40). 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

48.     Plaintiffs and other members of the FLSA Collective and Ohio Class frequently worked more than forty (40) hours in a single workweek.

49.     Defendant consistently failed to pay Plaintiffs and other members of the FLSA Collective and Ohio Class for all hours, including overtime hours, worked. 29 U.S.C. § 207.

50.     Defendant shortchanged its hourly employees and avoided paying overtime compensation through unlawful time rounding policies and/or time editing policies and practices. These policies violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

51.     Pursuant to Defendant's time practices and policies, hourly employees' hours are paid based on edited, rounded, modified, and inaccurate and/or incomplete records submitted to payroll from management. These post-edited, rounded, modified, and inaccurate and/or incomplete records do not include pre-shift and post-shift compensable work performed for and/or required by Defendant.

52.     The rounding and editing policies also caused Defendant to violate the FLSA and the Department of Labor's regulations by docking compensable hours and pay, and thereby failing to pay for all hours suffered or permitted to work.

53.     Defendant's unlawful time rounding and editing policies as highlighted above denied Plaintiffs and other members of the FLSA Collective and Ohio Class compensable overtime hours and compensation they were entitled to be paid. Had Defendant implemented rounding policies in compliance with the FLSA and Department of Labor regulations, Plaintiffs and other members of the FLSA Collective and Ohio Class would have been compensated for additional overtime hours for which they were not paid.

54.     Plaintiffs and other hourly employees frequently worked approximately fifteen (15) to twenty-five (25) or more minutes outside the daily post-edited, rounded and modified time records submitted to payroll from which hourly employees are paid.

55.     While Plaintiffs and other members of the FLSA Collective and Ohio Class frequently worked more than forty (40) hours in a single workweek, Defendant consistently failed to pay Plaintiffs and other members of the FLSA Collective and Ohio Class for all hours worked, including overtime hours. 29 U.S.C. § 207.

56.     Although Defendant suffered and permitted Plaintiffs and other members of the FLSA Collective and Ohio Class to work more than forty (40) hours per workweek, Defendant

consistently failed to pay Plaintiffs and other members of the FLSA Collective and Ohio Class overtime at a rate of one- and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. § 785.11. Though hourly employees regularly complete tasks that are required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities, hourly employees are not paid for the time spent performing these tasks. As a result, Plaintiffs and other members of the FLSA Collective and Ohio Class were not properly paid for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq*., and Ohio law, O.R.C. §§ 4111.03, 4111.10.

57.     Defendant's illegal pay practices were the result of systematic and company-wide policies originating at the corporate level.

58.     Defendant's failure to compensate Plaintiffs and other members of the FLSA Collective and Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

**Defendant's Record Keeping Violations**

59.     The FLSA and Ohio law required Defendant to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time

11

earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

60.     Defendant failed to keep accurate records of hours worked. Thus, Defendant did not record or pay all hours worked in violation of the FLSA and Ohio law.

## The Willfulness of Defendant's Violations

61.     Defendant knew that Plaintiffs and other members of the FLSA Collective and Ohio Class were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

62.     The above payroll practices resulted in overtime violations of the FLSA, 29 U.S.C. §§ 201-219; and O.R.C. Chapter 4111.

## COLLECTIVE ACTION ALLEGATIONS

63.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

64.     Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

65.     The FLSA Collective consists of:

All present and former hourly employees of Erico International Corporation during the period of three years preceding the commencement of this action to the present who (1) worked more than forty (40) hours during one or more workweeks, (2) were not paid for all overtime hours worked by virtue of having

their time edited and/or rounded, and (3) did not release FLSA claims as named or opt-in plaintiffs in the *Hardimon v. Erico International Corporation*, N.D. Ohio Case No. 1:20-cv-00246 settlement.

66.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

67.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

68.     Plaintiffs cannot yet state the exact number of similarly-situated persons but aver, upon information and belief, that they consist of over two hundred persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

69.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

70.     Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly employees of Erico International Corporation in the State of Ohio during the period of two years preceding the commencement of this action to the present who (1) worked more than forty (40) hours during one or more workweeks, (2) were not paid for all overtime hours worked by virtue of having their time edited and/or rounded, and (3) did not release Ohio law

13

overtime claims as named or opt-in plaintiffs in the *Hardimon v. Erico International Corporation*, N.D. Ohio Case No. 1:20-cv-00246 settlement.

71.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiffs cannot yet state the exact number of class members but aver, upon information and belief, that they consist of 150 or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

72.     There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant paid overtime compensation to Plaintiffs and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty (40) hours in a workweek;
>
> Whether Defendant's failure to pay overtime compensation to Plaintiffs and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty (40) hours in a workweek was willful; and
>
> What amount of monetary relief will compensate Plaintiffs and other members of the class for Defendant's violation of O.R.C. §§ 4111.03 and 4111.10.

73.     Plaintiffs' claims are typical of the claims of other members of the Ohio Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

74.     Plaintiffs will fairly and adequately protect the interests of the Ohio Class. Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiffs' counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

14

75.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

76.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

77.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

78.     Plaintiffs bring this claim for violation of the FLSA's overtime provisions on behalf of themselves and members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

79.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

80.     Plaintiffs and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

81.     Defendant did not pay overtime compensation to Plaintiffs and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

82.     By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

83.     As a result of Defendant's violations of the FLSA, Plaintiffs and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiffs and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(Ohio Overtime Violations)**

84.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

85.     Plaintiffs bring this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03, on behalf of themselves and other members of the FLSA Collective and Ohio Class.

86.     At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

87.     Defendant's failure to compensate overtime hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

88.     These violations of Ohio law injured Plaintiffs and other members of the FLSA Collective and Ohio Class in that they did not receive wages due to them pursuant to that statute.

89.     Having injured Plaintiffs and other members of the FLSA Collective and the Ohio Class, Defendant is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court" under Ohio law. O.R.C. § 4111.10.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court:

A.      Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.      Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiffs and other members of the Ohio Class;

C.      Enter judgment against Defendant and in favor of Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.      Award compensatory damages to Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount; and

E.      Award Plaintiffs and other members of the FLSA Collective and Ohio Class compensatory damages, prejudgment interest, costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)