UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PARRIS MCKNIGHT, *et al.*, ) | Case No. 1:21-cv-01826 |
| ) | |
| *On behalf of themselves and all others* ) | JUDGE J. PHILIP CALABRESE |
| *similarly situated,* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ERICO INTERNATIONAL ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## EXHIBIT A

## CONFIDENTIAL CLASS/COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, this Class/Collective Action Settlement Agreement and Release is entered into between Named Plaintiffs (as defined below), individually on behalf of themselves and on behalf of all "FLSA Collective Action Subclass 1 Members" (as defined below), all "FLSA Collective Action Subclass 2 Members," (as defined below), all "Rule 23 Subclass 1 Members" (as defined below), and all "Rule 23 Subclass 2 Members" (as defined below), and Defendant Erico International Corporation, this 13th day of July, 2022.

**WHEREAS**, on September 27, 2021, Plaintiffs Parris McKnight, Deresse Jackson, Frederick Midgley, Matthew Bailey, Latonya Jordan, Michael Metz, Randi Robinson, Dawn Adams, Tyronn Taylor, Joshua Livingston, Ryan Evans, Tia Robinson, Robert Metz, and Corey Green (hereinafter, "Named Plaintiffs") commenced this action against Defendant Erico International Corporation (hereinafter, "Defendant"), seeking all relief available under the Fair

1

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* and the Ohio Minimum Fair Wage

Standards Act, Ohio Rev. Code Ann. §§ 4111.01, *et seq.;* and

**WHEREAS**, Defendant denies Plaintiffs' claims and allegations, denies that it has any

liability or engaged in any wrongdoing of any kind, and maintains that it has complied at all times

with the FLSA and Ohio law, and contends that the Action is not suitable for class certification

(except for settlement purposes as set forth in Paragraph 20 herein); and

**WHEREAS**, uncertainty exists as to Defendant's potential liability, if any, and the nature

and amount, if any, of damages owed to Named Plaintiffs, the FLSA Collective Action Subclass

1 Members, FLSA Collective Action Subclass 2 Members, Rule 23 Subclass 1 Members, and Rule

23 Subclass 2 Members; and

**WHEREAS**, Named Plaintiffs and their lawyers have determined, based upon all the facts

and circumstances underlying this litigation, that the settlement described herein is fair, reasonable,

and equitable, and in the best interest of the Class/Collective Members (as defined below) in light

of the risk of significant delay and uncertainty associated with litigation, and various defenses

asserted by Defendant; and

**WHEREAS**, Defendant, while continuing to deny any liability or wrongdoing, desires to

resolve this lawsuit in order to avoid further litigation risks and delays and to avoid future expense,

inconvenience, and interference with its ongoing business operations; and

**WHEREAS**, this settlement reflects a compromise of bona fide disputes reached after

arms-length bargaining through third-party mediator Frank A. Ray, *Esq.* during an all-day

mediation and shall not be construed as an admission or concession by any Party as to the truth or

validity of any substantive or procedural allegation, claim, or defense asserted in this or any other

action or proceeding; and

2

## CONFIDENTIAL CLASS/COLLECTIVE ACTION
## SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS**, this Agreement is subject to and conditioned upon final approval by the Court and the other conditions specified herein;

**WHEREAS**, this Agreement is intended to fully, finally, and forever settle, comprise and discharge the Released Claims (as defined below) against the Released Parties (as defined below);

**NOW, THEREFORE**, it is hereby **STIPULATED** and **AGREED** by and between the undersigned Parties that the Action is settled, subject to the Court's approval, pursuant to the following terms and conditions:

1.    **Definitions.**

**"Action"** means the above-captioned litigation.

**"Administrator"** means Rust Consulting (920 2nd Ave. A., Suite 400, Minneapolis, MN 55402).

**"Agreement"** means this Class/Collective Action Settlement Agreement and Release, inclusive of all attachments.

**"CAFA Notice"** refers to the Notification of Settlement requirements in the Class Action Fairness Act (28 U.S.C. § 1715), which Defendant will file no later than 10 days after the Motion for Preliminary Approval is filed.

**"Class/Collective Members"** means all Rule 23 Class Subclass 1 Members, all Rule 23 Subclass 2 Members, all FLSA Collective Action Subclass 1 Members, and all FLSA Collective Action Subclass 2 Members, including Named Plaintiffs.

**"Class Counsel"** means SCOTT & WINTERS LAW FIRM, LLC (The Caxton Building, 812 Huron Rd. E., Suite 490, Cleveland, OH 44115).

**"Class Data"** means a list of all Class/Collective Members that Defendant will in good faith compile from its records and provide to the Administrator within 14 calendar days after entry

3

of the Preliminary Approval Order. The Class Data shall be in one Excel file and shall include the identification of each Class/Collective Member as a Rule 23 Class Subclass 1 Member, Rule 23 Subclass 2 Member, FLSA Collective Action Subclass 1 Member, and/or FLSA Collective Action Subclass 2 Member:

   (i)  for each Rule 23 Subclass 1 Member who is also not a FLSA Collective Action Subclass 1 Member or a FLSA Collective Action Subclass 2 Member, the person's full name, last known residential mailing address, Social Security Number, and total weeks worked from February 5, 2018 through April 18, 2020;

   (ii)  for each Rule 23 Subclass 2 Member who is also not a FLSA Collective Action Subclass 1 Member or a FLSA Collective Action Subclass 2 Member, the person's full name, last known residential mailing address, and Social Security Number;

   (iii)  for each FLSA Collective Action Subclass 1 Member, the person's full name, last known residential mailing address, Social Security Number, and total weeks worked from June 29, 2017 through April 18, 2020, and

   (iv)  for each FLSA Collective Action Subclass 2 Member, the person's full name, last known residential mailing address, and Social Security Number.

A copy of this Class Data, with the redaction or omission of Social Security Numbers for Class/Collective Members, shall be provided to Class Counsel, who shall not use this data for any purpose other than administration and oversight of this Settlement.

  **"Class Notice"** means the "Notice of Class Action Settlement," attached as Exhibit B and filed with the Court for approval, which will be sent to the Class/Collective Members following the Court's entering of the Preliminary Approval Order.

  **"Court"** means the United States District Court for the Northern District of Ohio.

4

"**Settlement Class/Collective Members**" means all Class/Collective Members who do not timely and validly exclude themselves from the Settlement pursuant to Paragraph 6 of this Agreement.

"**Defendant**" means Erico International Corporation.

"**Defense Counsel**" means SHOOK, HARDY & BACON LLP (2555 Grand Blvd., Kansas City, MO 64108) and BLACK, McCUSKEY, SOUERS & ARBAUGH (220 Market Avenue South, Suite 1000, Canton, OH 44702).

"**Effective Date**" means the first business day after all of the following have occurred: (1) the Court has entered a Final Approval Order and Judgment and (2) the Judgment has become "Final." "Final" means, when used in connection with any court order or judgment, that the relevant order or judgment will be final and no longer subject to appeal:

(i)     If there is no objector to the Settlement, 31 days after the Final Approval Order and Judgment are entered. If there is an objector but no appeal is taken therefrom, 61 days after the entry of the Final Approval Order, or

(ii)    If any appeal is taken therefrom, on the date on which all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing en banc and petitions for *certiorari* or any other form of review, have been finally disposed of, such that the time to appeal therefrom (including any potential extension of time) has expired, in a manner resulting in final judicial approval of this Agreement, with no further challenges to the Settlement being possible.

"**Final Approval Date**" means the date on which the Court enters the Final Approval Order.

"**Final Approval Order**" means the order entered by the Court finally and unconditionally approving the Settlement pursuant to Federal Rule of Civil Procedure 23(e)(2) and dismissing the

5

Action with prejudice. Per 17 U.S.C. § 1715(d), Final Approval shall occur no earlier than 90 days after Defendant serves the CAFA Notice. The Parties will file a Joint Motion for Final Approval that it is consistent with the terms of this Agreement.

"**FLSA Collective Action Subclass 1 Members**" means all persons who have given timely consent in writing to become a party Plaintiff in the Action, whose opt-in consent form was filed in this matter on or prior to April 1, 2022 (including but not limited to all Named Plaintiffs) and who worked as a non-exempt employee at Defendant's ECN and/or ESN manufacturing facilities in Solon, Ohio at any time between June 29, 2017 and April 18, 2020.

"**FLSA Collective Action Subclass 2 Members**" means all persons who have given timely consent in writing to become a party Plaintiff in the Action, whose opt-in consent form was filed in this matter on or prior to April 1, 2022 (including but not limited to all Named Plaintiffs) and who worked as a non-exempt employee at Defendant's ECN and/or ESN manufacturing facilities in Solon, Ohio at any time between April 19, 2020 and April 1, 2022.

"**Gross Settlement Amount**" means ▮▮▮▮▮▮▮, which includes any Court-approved payment to Class Counsel for the attorney's fees, litigation expenses, and costs pursuant to Paragraph 9 herein, payment to Named Plaintiffs for Service Awards pursuant to Paragraph 10 herein, and payment to the Administrator for Settlement Administration Costs pursuant to Paragraph 11 herein.

"**Individual Settlement Amounts**" shall have the meaning ascribed to it in Paragraph 8 herein.

"**Net Settlement Amount**" means ▮▮▮▮▮▮ minus any Court-approved payments to Class Counsel, Named Plaintiffs, and Administrator for the attorney's fees, litigation expenses, Settlement Administration Costs, and Service Awards pursuant to Paragraphs 9 through 11 herein.

6

If the Court approves all requested payments to Class Counsel, Named Plaintiffs and the Administrator, the Net Settlement Amount will be ███████████.

"**Notice Response Deadline**" means 60 calendar days from the date the Administrator first mails the Class Notice to the Class/Collective Members.

"**Parties**" means Plaintiffs and Defendant.

"**Plaintiffs**," unless otherwise specified, means and includes the fourteen Named Plaintiffs in the Action, the FLSA Collective Action Subclass 1 Members and the FLSA Collective Action Subclass 2 Members.

"**Preliminary Approval Date**" means the date on which the Court enters the anticipated order preliminarily approving the Settlement and authorizing distribution of the Class Notice to the Class/Collective Members pursuant to Federal Rule of Civil Procedure 23(e)(1).

"**Preliminary Approval Order**" means the judicial Order to be entered by the Court, upon the application or motion of the Parties, preliminarily approving this Settlement and providing for the issuance of the Class Notice. The Parties will file a Joint Motion for Preliminary Approval that it is consistent with the terms of this Agreement.

"**QSF**" means the Qualified Settlement Fund established by the Administrator and funded by the Defendant for the purpose of holding the Gross Settlement Amount and distributing all approved amounts to the proper individuals and parties. The QSF will be established and controlled by the Administrator in accordance with and pursuant to Treasury Regulation § 1.468B-1, *et seq.*, and subject to the terms of this Agreement and the Court's orders regarding Preliminary Approval and Final Approval. Interest, if any, earned on the QSF will become part of the Net Settlement Amount.

7

**"Released FLSA Collective Action Member Claims"** means all claims, obligations, causes of action, actions, demands, rights, and liabilities, asserted or unasserted, known or unknown, whether anticipated or unanticipated, arising through April 1, 2022 under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. §§ 4111.01, *et seq.*, and/or any other federal or Ohio statute or regulation for overtime compensation, other wages, penalties, fines, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief.

**"Released Rule 23 Class Member Claims"** means all claims, obligations, causes of action, actions, demands, rights, and liabilities, asserted or unasserted, known or unknown, whether anticipated or unanticipated, arising through April 1, 2022 under the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. §§ 4111.01, *et seq.*, and/or any other Ohio statute, constitutional provision, or regulation for overtime compensation, other wages, penalties, fines, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief.

**"Released Parties"** means Erico International Corporation together with all its past, present, or future parents, subsidiaries, affiliates and related companies, successors, and predecessors, as well as their respective past, present, and future owners, officers, directors, shareholders, agents, employees, representatives, successors, heirs, insurers, and attorneys in their individual and official capacities.

**"Rule 23 Subclass 1 Members"** means all former and current non-exempt production employees of Defendant Erico International Corporation who worked at Defendant's ECN and/or ESN manufacturing facilities in Solon, Ohio at any time between February 5, 2018 to April 18, 2020, excluding such employees who released Ohio wage and hour law claims as named or opt-in

8

## CONFIDENTIAL CLASS/COLLECTIVE ACTION
## SETTLEMENT AGREEMENT AND RELEASE

plaintiffs in settlement of the action *Patricia Hardimon v. Erico International Corp.*, Case No. 1:20-cv000246-PAB. Rule 23 Subclass 1 Members include FLSA Collective Action Subclass 1 Members.

"**Rule 23 Subclass 2 Members**" means all former and current non-exempt production employees of Defendant Erico International Corporation who worked at Defendant's ECN and/or ESN manufacturing facilities in Solon, Ohio at any time between April 19, 2020 to April 1, 2022, excluding such employees who released Ohio wage and hour law claims as named or opt-in plaintiffs in settlement of the action *Patricia Hardimon v. Erico International Corp.*, Case No. 1:20-cv000246-PAB. Rule 23 Subclass 2 Members include FLSA Collective Action Subclass 2 Members.

"**Service Awards**" means the amount approved by the Court to be paid to the Named Plaintiffs, in addition to their Individual Settlement Amounts as Settlement Class/Collective Members.

"**Settlement**" means the terms, conditions, and obligations described in this Agreement.

"**Settlement Administration Costs**" means the costs payable from the Gross Settlement Amount to the Administrator for administering this Settlement. The Settlement Administration Costs shall be paid from the Gross Settlement Amount based on the all-in, not to exceed proposal provided by the Administrator. Under no circumstances shall Defendant be required to pay any separate and/or additional costs to the Administrator for administering this Settlement.

"**Settlement Class/Collective Members**" means, collectively, all Class/Collective Members (including all FLSA Collective Action Subclass 1 Members, all FLSA Collective Action Subclass 2 Members, all Rule 23 Subclass 1 Members, and all Rule 23 Subclass 2 Members) who have not opted out of the Settlement by timely submitting valid Requests for Exclusion as set forth

9

in Paragraph 6 herein. All Settlement Class/Collective Members will be: (i) bound by the terms and conditions of this Agreement, the Judgment and the Releases set forth herein as applicable, and (ii) except as otherwise provided herein, will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement.

**"Subclass 1 Settlement Percentage"** means: **[(a) (1)** for each Rule 23 Subclass 1 Member that is not also an FLSA Collective Action Subclass 1 Member, his/her/their weeks of employment from February 5, 2018 to April 18, 2020, **(2)** for each FLSA Collective Action Subclass 1 Member, his/her/their weeks of employment from June 29, 2017 to April 18, 2020 **times two]; [(b)** ***divided by*** **(1)** all Rule 23 Subclass 1 Members who are also not an FLSA Collective Action Subclass 1 Member's weeks of employment from February 5, 2018 to April 18, 2020, ***plus*** **(2)** each FLSA Collective Action Subclass 1 Member's weeks of employment from June 29, 2017 to April 18, 2020 **times two]**.

**"Subclass 1 Settlement Share"** means, for each Settlement Class/Collective Member who is also a FLSA Collective Action Subclass 1 Member or a Rule 23 Subclass 1 Member: **(a)** ▮▮▮▮ ***plus*** **(b)** [{his/her/their Subclass 1 Settlement Percentage} *multiplied by* {[Net Settlement Fund less ▮▮▮▮ *minus* [(Number of Settlement Class/Collective Members who are also FLSA Collective Action Subclass 1 Members or Rule 23 Subclass 1 Members) *multiplied by* (▮▮▮▮)]}]. The monetary amount of each such Settlement Class/Collective Member's Subclass 1 Settlement Share is the "Individual Settlement Amount" to be paid to each such Settlement Class/Collective Member as described in paragraph 8 of this agreement.

**2.** **Conditions Precedent.** This Settlement is conditioned on the Court's entry of the Final Approval Order and passage of the Effective Date.

3.    **Maximum Settlement Amount.** Defendant's maximum payment under this Settlement is the Gross Settlement Amount of ▮▮▮▮▮▮ plus the employer's share of applicable payroll taxes and withholdings on the portion of the Individual Settlement Amounts that is allocated to wages. Defendant will provide the Administrator with the Gross Settlement Amount within 14 calendar days of the Effective Date. Upon Defendant's transfer of the Gross Settlement Amount to the Administrator, Defendant and the Released Parties shall have no further monetary liability or financial responsibility to Class Counsel, Named Plaintiffs, Settlement Class/Collective Members, and/or the Administrator in connection with the Action. Defendant shall not be obligated to make any payments contemplated by this Agreement unless and until the Court enters the Final Approval Order and Final Judgment, and after the Effective Date of the Agreement.

4.    **Releases.**

a.    Upon passage of the Effective Date, all Rule 23 Subclass 1 Members and all Rule 23 Subclass 2 Members who have not opted out of the Settlement by timely submitting a valid Request for Exclusion pursuant to Paragraph 6 herein (on behalf of themselves and their past, present and future agents, successors, heirs, spouses, administrators, executors, partners, assigns, representatives, or predecessors) release and forever discharge the Released Parties (as defined above) from the Released Rule 23 Class Member Claims (as defined above). This Release of Released Rule 23 Class Member Claims shall be binding upon all Rule 23 Subclass 1 Members and all Rule 23 Subclass 2 Members who have not opted out of the Settlement, including such subclass members who do not deposit his/her/their Individual Settlement Amounts within 150 days of their mailing. In addition, upon passage of the Effective Date, all FLSA Collective Action Subclass 1 Members and FLSA Collective Action Subclass 2 Members (on behalf of themselves and their past, present and future agents, successors, heirs, spouses, administrators, executors,

11

partners, assigns, representatives, or predecessors) release and forever discharge the Released

Parties (as defined above) from the Released FLSA Collective Action Member Claims (as defined

above). This Release of Released FLSA Collective Action Member Claims shall be binding upon

all FLSA Collective Action Subclass 1 Members and all FLSA Collective Action Subclass 2

Members, including such collective action members who do not deposit their Individual Settlement

Amounts within 150 days of their mailing.

  b.  All Rule 23 Subclass 1 Members and all Rule 23 Subclass 2 Members who have

not opted out of the Settlement by timely submitting a valid Request for Exclusion pursuant to

Paragraph 6 herein and who cash, deposit, or negotiate an Individual Settlement Amount check

shall (on behalf of themselves and their past, present and future agents, successors, heirs, spouses,

administrators, executors, partners, assigns, representatives, or predecessors) release and forever

discharge the Released Parties (as defined above) from the Released FLSA Collective Action

Member Claims (as defined above).

  c.  The Parties intend that the Settlement described in this Agreement will Release and

preclude any further claim, whether by lawsuit, administrative monetary claim or action,

arbitration, demand, or other action of any kind, by each and all of the Rule 23 Subclass 1 Members

and each and all of the Rule 23 Subclass 2 Members (who have not opted out of the Settlement by

timely submitting a valid Request for Exclusion pursuant to Paragraph 6) to obtain a recovery

based on, arising out of, and/or related to any and all of the Released Rule 23 Class Member

Claims. The Parties likewise intend that the Settlement described in this Agreement will Release

and preclude any further claim, whether by lawsuit, administrative monetary claim or action,

arbitration, demand or other action of any kind, by each and all of the Rule 23 Subclass 1 Members

and each and all of the Rule 23 Subclass 2 Members (who have not opted out of the Settlement by

timely submitting a valid Request for Exclusion pursuant to Paragraph 6) who cash, deposit, or negotiate an Individual Settlement Amount check to obtain a recovery based on, arising out of, and/or related to any and all of the Released FLSA Collective Action Member Claims. The Parties likewise intend that the Settlement described in this Agreement will Release and preclude any further claim, whether by lawsuit, administrative monetary claim or action, arbitration, demand, or other action of any kind, by each and all of the FLSA Collective Action Subclass 1 Members and each and all of the FLSA Collective Action Subclass 2 Members to obtain a recovery based on, arising out of, and/or related to any and all of the Released FLSA Collective Action Member Claims. The Class Notice will advise all Class/Collective Members of the binding nature of this Release and such Notice shall have the same force and effect as if this Agreement were executed by each Settlement Class/Collective Member. This Settlement shall constitute, and may be pleaded as, a complete and total defense to any such Released FLSA Collective Action Member Claims and Released Rule 23 Class Member Claims if raised in the future. The Releases in this Paragraph 4 do not apply to any Class/Collective Member who timely and validly requests exclusion from the Settlement pursuant to Paragraph 6 herein.

5. **Notice to Class/Collective Members.**

a. Within 14 calendar days after the Preliminary Approval Date, Defense Counsel will send to the Administrator the Class Data, as well as a copy of the Class Data with the redaction or omission of Social Security Numbers for the Class/Collective Members to Class Counsel, who shall not use this data for any purpose other than administration and oversight of this Settlement. This Class Data will remain confidential and will not be used or disclosed to anyone except as required by applicable tax authorities, pursuant to Defendant's express written consent, for administration and oversight purposes, or by order of the Court. The Administrator

13

will run a check of the Class/Collective Members' addresses against those on file with the U.S. Postal Service's National Change of Address List.

b.     Within 30 calendar days after the Preliminary Approval Date, the Administrator will mail the Class Notice to each Class/Collective Member. If the Postal Service returns any Class Notice to the Administrator with a forwarding address, the Administrator will promptly mail the Class Notice to the forwarding address. If the Postal Service returns any Class Notice to the Administrator without a forwarding address, the Administrator will work diligently to obtain an updated address and will promptly mail the Class Notice to any updated address. Whenever the Administrator obtains a new address for a Class/Collective Member (whether from a return envelope, a search, through Class Counsel, or otherwise), the Administrator shall re-mail the Class Notice using the most current address information then available. It will be presumed that if a Class Notice has not been returned within thirty (30) days of the mailing that the Class/Collective Member received the Notice.

c.     The Administrator will provide Class Counsel and Defense Counsel with a sworn statement of due diligence describing the Class Notice process and to be provided to the Court when the Parties seek final approval of the Settlement.

**6.     Exclusions from the Settlement.**

a.     Any Rule 23 Subclass 1 Member or Rule 23 Subclass 2 Member who is also not an FLSA Collective Action Subclass 1 Member or an FLSA Collective Action Subclass 2 Member may request to be excluded from the Settlement by submitting a "Request for Exclusion" to the Administrator pursuant to the instructions in the Class Notice and postmarked by the Notice Response Deadline. Any FLSA Collective Action Subclass 1 Member or FLSA Collective Action Subclass 2 Member who is not a Named Plaintiff may request to be excluded from the Settlement

14

by submitting a "Request for Exclusion" to the Administrator pursuant to the instructions in the Class Notice and postmarked by the Notice Response Deadline, as well as filing a Notice of Withdraw of Consent Form by the Notice Response Deadline. All Requests for Exclusion must state that the Class/Collective Member wishes to be excluded from this Settlement and include sufficient identifying information required to confirm the identity of the Class/Collective Member requesting exclusion. A Request for Exclusion will be timely only if postmarked by the Notice Response Deadline, unless the Parties otherwise agree in writing. Any Class/Collective Member who timely and validly requests exclusion: (i) will not have any rights under this Agreement, including the right to object to or appeal this Settlement; (ii) will not be entitled to receive any payments under this Agreement, and (iii) will not be bound by this Agreement, or the Judgment. Named Plaintiffs shall not request exclusion from this Settlement.

b.      If the number of Class/Collective Members who timely submit a valid Request for Exclusion exceeds 10% of the total number of all Class/Collective Members, then within ten (10) calendar days of the Notice Response Deadline, Defendant may rescind this Settlement Agreement.

c.      The Administrator shall provide Requests for Exclusion, if any, to Class Counsel and Defense Counsel within three (3) calendar days of receipt. Within seven (7) calendar days of the Notice Response Deadline, the Administrator will provide to Class Counsel and Defense Counsel a final report identifying all Requests for Exclusion. The Administrator shall include this final report in its sworn statement of due diligence describing the Class Notice process to be provided to the Court when the Parties seek final approval of the Settlement.

7.      **Objections to the Settlement.**

a.    Any Class/Collective Member may object to the terms of this Agreement. To object, a Class/Collective Member shall inform the Administrator, in writing, of his or her objection pursuant to the instructions in the Class Notice and postmarked by the Notice Response Deadline. Objections must include a reference to Case No. 1:21-cv-01826, must include sufficient identifying information required to confirm the identity of the Class/Collective Member asserting an objection, and must state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and it also must state with specificity the grounds for the objection. Any attorney who intends to represent a Class/Collective Member must file a notice of appearance with the Court and serve Class Counsel and Defense Counsel by the Notice Response Deadline. Any Class/Collective Member who files an objection remains eligible to receive an Individual Settlement Amount from the Settlement. Class/Collective Members who exclude themselves from the Settlement pursuant to Paragraph 6 herein do not have standing to object to this Settlement. If a Class/Collective Member timely submits both an objection pursuant to this Paragraph 7 herein and a Request for Exclusion pursuant to Paragraph 6 herein, the objection will be considered invalid. Plaintiffs and Defendant shall not be responsible for any fees, costs, or expenses incurred by any Class/Collective Member and/or his or her counsel related to any objections to the Settlement. Submitting an objection does not preserve the right to appeal a final judgment. Rather, the right to appeal is preserved by becoming a party of record by timely and properly intervening or filing a motion to vacate the judgment.

b.    The Administrator shall provide objections, if any, to Class Counsel and Defense Counsel within three (3) calendar days of receipt. Within seven (7) calendar days of the Notice Response Deadline, the Administrator will provide to Class Counsel and Defense Counsel a final report identifying all objections provided by Class/Collective Members. The Administrator

shall include this final report in its sworn statement of due diligence describing the Class Notice process and to be provided to the Court when the Parties seek final approval of the Settlement.

      c.    Any Class/Collective Member who desires to object but fails to timely submit a written objection pursuant to the instructions in the Class Notice waives any right to object to this Settlement, shall not be permitted to present his or her objections to the Settlement at the Final Approval Hearing and shall be foreclosed from seeking review of the Settlement by appeal or otherwise. Any Class/Collective Member who does not timely and properly become a party of record by intervening or filing a motion to vacate the judgment waives any and all rights to appeal from the Judgment, including all rights to any post-judgment proceeding and appellate proceeding.

      d.    Class Counsel and Defense Counsel may file a response to any objections submitted at least five (5) court days before the Final Approval Hearing.

**8.    Individual Settlement Amounts for Settlement Class/Collective Members.**

      a.    The Net Settlement Amount shall be divided into "Individual Settlement Amounts" for each Settlement Class/Collective Member that will be calculated by the Administrator (subject to review and approval by Class Counsel and Defense Counsel) using the Class Data provided by Defendant as follows:

      i.    The Administrator will calculate the Individual Settlement Amounts for the FLSA Collective Action Subclass 1 Members and the Rule 23 Subclass 1 Members based on each Settlement Class/Collective Member's Subclass 1 Settlement Share. If there are any valid and timely submitted Requests for Exclusion from the FLSA Collective Action Subclass 1 Members and/or Rule 23 Subclass 1 Members, the Administrator shall proportionately increase the Individual Settlement Amounts for each Settlement Class/Collective Member who is

an FLSA Collective Action Subclass 1 Member or a Rule 23 Subclass 1 Member based on each Settlement Class/Collective Member's Subclass 1 Settlement Share so that the amount actually distributed to these Settlement Class/Collective Members equals 100% of the Net Settlement Amount, less ███████.

        ii.        The Administrator will calculate the Individual Settlement Amounts for the FLSA Collective Action Subclass 2 Members and the Rule 23 Subclass 2 Members by evenly dividing $██████ from the Net Settlement Amount among the FLSA Collection Action Subclass 2 Members and the Rule 23 Subclass 2 Members who do not timely submit valid Requests for Exclusion. If there are any valid and timely submitted Requests for Exclusion from the FLSA Collective Action Subclass 2 Members and/or Rule 23 Subclass 2 Members, the Administrator shall proportionately increase the Individual Settlement Amounts for each Settlement Class/Collective Member who is an FLSA Collective Action Subclass 2 Member or a Rule 23 Subclass 2 Member so that the amount actually distributed to these Settlement Class/Collective Members equals ██████.

        b.        The Individual Settlement Amounts will be allocated based on the allegations in the Action as follows: Fifty percent (50%) of each Individual Settlement Amount will be treated as settlement for claimed but disputed wages subject to deduction of the employee share of applicable taxes and withholdings required by federal, state and local law. In accordance with applicable federal, state and local law, for each Settlement Class/Collective Member who receives and cashes an Individual Settlement Amount allocated as wages, the Administrator will report the Individual Settlement Amount allocated as wages to the Settlement Class/Collective Member and appropriate taxing authorities on an IRS Form W-2. The amount of federal income tax withholding will be based upon a flat withholding rate for supplemental wage payments in

accordance with Treas. Reg. § 31.3402(g)-1(a)(2) as amended or supplemented, or otherwise as required by applicable taxing authority. Income tax withholding will also be made pursuant to applicable state and/or local withholding codes or regulations. In addition, Fifty percent (50%) of each Individual Settlement Amount will be treated as settlement for claimed but disputed statutory penalties, including but not limited to liquidated damages. In accordance with applicable law, for each Settlement Class/Collective Member who receives and deposits, cashes or otherwise negotiates an Individual Settlement Amount allocated for settlement of claimed but disputed statutory penalties, the Administrator will report the Individual Settlement Amount allocated for settlement of claimed but disputed statutory penalties to the Settlement Class/Collective Member and appropriate taxing authorities on an IRS Form 1099.

        c.     For all Individual Settlement Amounts allocated as wages and appropriate taxing authorities on an IRS Form W-2, Defendant will be separately responsible for only its share of any state and federal payroll taxes imposed by applicable law for the wage payment portion of the Individual Settlement Amounts (such as, for example, the employer's share of federal, state and local taxes, worker's compensation insurance, unemployment insurance, or the employer's social security contributions), which shall not be paid from the Gross Settlement Amount. The Administrator shall provide Defendant an estimate of the employer's share of payroll taxes within 14 calendar days of sending out the Class Notice. Upon calculation of each Settlement Class/Collective Member's Individual Settlement Amount, and at least three (3) calendar days after Final Approval (if not sooner), the Administrator shall advise Defendant of the final amount of the employer's share of payroll taxes. Defendant will provide that amount to the Administrator within 14 calendar days after the Effective Date. The Administrator shall remit the employer

payroll taxes due to the appropriate taxing authorities. Any amounts overpaid by Defendant for its share of payroll taxes shall belong to Defendant.

d.     Within ten (10) calendar days after Defendant provides to the Administrator the Gross Settlement Amount, the Administrator will mail to each Settlement Class/Collective Member his or her Individual Settlement Amount. The endorsement language on the back of each Individual Settlement Amount Check issued to all Rule 23 Subclass 1 Members and all Rule 23 Subclass 2 Members shall include the following release language: "By depositing, cashing, or otherwise negotiating this check, I consent and opt-in to become a party for settlement purposes, and I understand that I am bound by the release of claims in the Class/Collective Action Settlement Agreement and Release approved by the United States District Court for the Northern District of Ohio, in the lawsuit titled *McKnight v. Erico International Corporation*, Case No. 1:21-cv-01826, including claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq." The endorsement language on the back of each Individual Settlement Amount check issued to all Rule 23 Subclass 1 Members and all Rule 23 Subclass 2 Members shall also include the following: "Even if you choose not to cash, deposit, or otherwise negotiate this check, you will still release your state law wage and hour claims as articulated in the Class/Collective Action Settlement Agreement and Release approved by the United States District Court for the Northern District of Ohio, in the lawsuit titled *McKnight v. Erico International Corporation*, Case No. 1:21-cv-01826."

e.     If the Postal Service returns any Individual Settlement Amount to the Administrator with a forwarding address, the Administrator will promptly re-mail the Individual Settlement Amount to the forwarding address. If the Postal Service returns any Individual Settlement Amount to the Administrator without a forwarding address, the Administrator will work diligently to obtain an updated address and promptly re-mail the Individual Settlement

20

Amount to the updated address. Whenever the Administrator obtains a new address for a Class/Collective Member (whether from a return envelope, a search, through Class Counsel, or otherwise), the Administrator shall re-mail the Individual Settlement Amount using the most current address information then available. On or about 30 day intervals after the original mailing of the Individual Settlement Amount checks, the Administrator will inform Class Counsel and Defense Counsel of the checks that remain undeliverable. The Administrator is authorized to cancel and re-issue any settlement checks as it sees fit.

   f. On or about the date falling 60 days after the original mailing of the Individual Settlement Amounts, the Administrator will send a reminder postcard (the content of which shall be reviewed and approved by Class Counsel and Defense Counsel) to the best known address of all Settlement Class/Collective Members who have not yet cashed, deposited or otherwise negotiated their Individual Settlement Amount checks. At the request of Class Counsel and/or Defense Counsel, the Administrator shall provide Class Counsel and Defense Counsel with copies of the backs of all Individual Settlement Amount checks cashed, deposited, or otherwise negotiated by Settlement Class/Collective Members, along with a list of Settlement Class/Collective Members who cashed, deposited, or otherwise negotiated their Individual Settlement Amount Checks.

   g. Individual Settlement Amount checks that remain undeliverable or are not cashed, deposited, or otherwise negotiated 150 days after their mailing shall be void and the funds shall be reallocated in accordance with Paragraph 8(a) to the Settlement Class/Collective Members who have cashed, deposited or otherwise negotiated their Individual Settlement Amount checks if economically practicable. The Settlement Administrator will treat all reallocation payments to the Settlement Class/Collective Members as non-wage income and report them to appropriate taxing

authorities on Forms 1099. If not economically practicable, in any event if the cost of issuing and administrating reallocation payments meets or exceeds the total monetary amount of checks that remain undeliverable or are not cashed, deposited, or otherwise negotiated, the remaining funds shall be tendered by the Settlement Administrator as *cy pres* to the Legal Aid Society of Cleveland. The Parties represent that they do not have a significant prior affiliation with the recipient that could create a conflict of interest.

h.      No person shall have any claim against the Administrator, Defendant, Plaintiffs, Class Counsel, Defense Counsel or any other agent designated by Plaintiffs or Defendant based upon the distribution of Individual Settlement Amounts made substantially in accordance with this Agreement or further orders from the Court. Without limiting the foregoing, Plaintiffs, Class Counsel, Defendant, Defense Counsel and the Administrator shall have no liability for lost or stolen settlement checks, forged signatures on settlement checks or unauthorized negotiation of settlement checks.

**9.      Payment to Class Counsel.** Within ten (10) calendar days after Defendant provides to the Administrator the Gross Settlement Amount, the Administrator will deliver to Class Counsel from the QSF a non-payroll check payable to Class Counsel in an amount approved by the Court and not to exceed ▮▮▮▮ (including ▮▮▮▮ in costs as of June 15, 2022 and all future costs directly incurred by Class Counsel) to compensate Class Counsel for all attorneys' fees, costs, and expenses incurred by Class Counsel in this Action.

a.      This Settlement is not contingent on the Court's approval of any or all of the requested attorneys' fees, costs or expenses. The ultimate amount of attorneys' fees, costs and/or expenses awarded to Class Counsel will be set by the Court in its discretion, not to exceed ▮▮▮▮, and Defendant is not agreeing to pay any specific amount other than the amount

awarded by the Court. Any award for attorneys' fees, costs and/or expenses in an amount less than the amount sought does not give rise to a basis to abrogate this Agreement. Any order, finding, ruling, holding or proceeding relating to application for any attorneys' fees, costs and/or expenses, or any separate appeal from any separate order, finding, ruling, holding or proceeding relating to them or reversal or modification of them, shall not operate to terminate or cancel this Agreement or otherwise affect or delay the finality of the final order and judgment or this Settlement. While Plaintiffs retain the right to appeal any such reductions, such appeal will delay Defendant's obligation to make all payments set forth in this Agreement. Any unapproved, and affirmed after all appellate remedies have been exhausted, amount of any attorneys' fees, costs and/or expenses shall be apportioned to the Net Settlement Amount for distribution to the Settlement Class/Collective Members in accordance with Paragraph 8 of this Agreement.

b.      Over and above the total amount of the Court-approved award of attorneys' fees, costs, and/or expenses, Plaintiffs and Defendant shall each bear their/its own fees, costs and expenses incurred by them or arising out of this Action. The Parties will not seek reimbursement of any such fees, costs and/or expenses from any Party to this Agreement or from any of the Released Parties except as provided herein.

c.      All claims for attorneys' fees, costs and/or expenses that Class Counsel, Named Plaintiffs, and/or any other Class/Collective Members may possess against Defendant and/or any of the Released Parties attributable to this Action have been compromised and resolved in this Settlement and shall not be affected by any appeal that Class Counsel may file. The payment approved by the Court pursuant to this Paragraph 9 attributable to this Action, whether in the amount sought by Class Counsel or less as determined by the Court and affirmed on appeal, shall constitute full satisfaction of Defendant's and any of the Released Parties' obligations to pay

23

amounts to any person, attorney, or law firm for attorneys' fees, expenses, and/or costs to which any of them may claim to be entitled on behalf of Named Plaintiffs, and any other Class/Collective Members attributable to this Action. Class Counsel represents that no other counsel have been involved in any aspect of this Action or otherwise have any claim for fees in this Action to Class Counsel's knowledge. The Parties agree that no other firms will be proposed as Class Counsel, or share in the recovery of attorneys' fees, expenses, and/or costs provided in this Paragraph 9 herein. If any Class/Collective Member chooses to be represented by his or her own lawyer in this Action, they must hire one at their own expense.

        d.      In accordance with applicable law, the Administrator will report payment of the Court-approved award of attorneys' fees, costs and/or expenses to the appropriate taxing authorities on an IRS Form 1099 to Class Counsel. Class Counsel will provide Defendant and/or the Administrator with any IRS or other tax forms needed for purposes of processing and/or reporting the Court-approved award of attorneys' fees, costs and/or expenses.

    **10.**    **Service Awards.** Within ten (10) calendar days after Defendant provides to the Administrator the Gross Settlement Amount, the Administrator will issue from the QSF a non-payroll check payable to Named Plaintiff Parris McKnight in an amount approved by the Court and not to exceed ▮▮▮▮▮▮ In addition, within ten (10) calendar days after Defendant provides to the Administrator the Gross Settlement Amount, the Administrator will issue from the QSF a non-payroll check payable to each of the Named Plaintiffs Dawn Adams, Matthew Bailey, Ryan Evans, Corey Green, Deresse Jackson, Latonya Jordan, Joshua Livingston, Michael Metz, Robert Metz, Frederick Midgley, Randi Robinson, Tia Robinson, and Tyronn Taylor in an amount approved by the Court and not to exceed ▮▮▮▮▮▮ per Named Plaintiff listed in this sentence.

24

These Service Awards are in addition to each Named Plaintiff's Individual Settlement Amount as described in Paragraph 8.

a. This Settlement is not contingent on the Court's approval of any or all of the requested Service Awards. Any Service Award in an amount less than the amount sought does not give rise to a basis to abrogate this Agreement. Any order, finding, ruling, holding or proceeding relating to application for any Service Awards, or any separate appeal from any separate order, finding, ruling, holding or proceeding relating to them or reversal or modification of them, shall not operate to terminate or cancel this Agreement or otherwise affect or delay the finality of the final order and judgment or this Settlement. While Named Plaintiffs retain the right to appeal any such reductions, such appeal will delay Defendant's obligation to make all payments set forth in this Agreement. Any unapproved amount of any Service Award shall be apportioned to the Net Settlement Amount for distribution to the Settlement Class/Collective Members in accordance with Paragraph 8.

b. In accordance with applicable law, the Administrator will report payment of each Court-approved Service Award to the appropriate taxing authorities on an IRS Form 1099 to each Named Plaintiff recipient of the Service Award.

c. In consideration of their eligibility for Service Awards, each Named Plaintiff, on behalf of himself/herself/themself and his/her/their heirs and assigns, hereby forever and fully releases the Released Parties (as defined above) from any and all claims, rights, demands, liabilities and causes of action of every kind and description concerning his/her/their employment with Defendant, whether known or unknown, suspected or unsuspected, arising on or before the date on which he/she/they sign this Agreement, including but not limited to contractual claims, tort claims, claims under all federal, state, and local statutes, rules, regulations, ordinances, orders

or common law principles, claims for unpaid compensation, liquidated damages, retaliation, discrimination, harassment, wrongful discharge, interest, attorneys' fees, and expenses, and any statutory, constitutional, regulatory, contractual or common law employment-related claims for wages, damages, restitution, equitable relief or litigation costs. This Settlement shall constitute, and may be pleaded as, a complete and total defense to any such released claims if raised in the future. No Named Plaintiff will be entitled to any Service Award without signing this Agreement, thereby agreeing to be bound to the Release in this Paragraph 10(c). Notwithstanding the above, this Release in this Paragraph 10(c) does not apply to any claims that controlling law clearly states may not be released by settlement or that may not be released by private agreement, including, but not limited to workers' compensation and/or unemployment benefits claims. Nor does this agreement affect in any way Named Plaintiffs' rights, individually or collectively, to file a charge or complaint or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission (EEOC), the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission, or any other federal, state or local governmental agency or commission. However, pursuant to this Release in Paragraph 10(c), each Named Plaintiff is waiving any alleged right to receive any award of monetary or other benefits or any legal or equitable relief whatsoever, including but not limited to payment for attorneys' fees, costs, or disbursements, resulting from any such proceeding by any Named Plaintiff, anyone else on any Named Plaintiff's behalf, or otherwise. Named Plaintiffs agree to waive such personal relief even if it is sought on their behalf by any federal, state or local governmental agency, commission or authority, or a person claiming to represent them.

       d.     For the Named Plaintiffs who are age 40 or older as of the date of this Agreement, their release of claims in Paragraph 10(c) herein includes but is not limited to claims

arising from or relating to the Age Discrimination in Employment Act of 1967 ("ADEA"). Each such Named Plaintiff acknowledges that he/she/they are hereby waiving and releasing any rights he/she/they may have under the ADEA against any of the Released Parties, and that this waiver and release is knowing and voluntary. Each such Named Plaintiff acknowledges that this waiver and release does not apply to any rights or claims that may arise under the ADEA after the date on which he/she/they sign this Agreement. Each such Named Plaintiff further acknowledges that he/she/they have been advised by this writing that: (i) he/she/they should consult with an attorney prior to executing this Agreement; (ii) he/she/they have twenty-one (21) days within which to consider this Agreement; (iii) he/she/they have seven (7) days following his/her/their execution of this Agreement to revoke his/her/their waiver and release of claims arising under the ADEA, and (iv) nothing in this Agreement prevents or precludes him/her/them from challenging or seeking a determination in good faith of the validity of this waiver under the ADEA, nor does it impose any condition precedent, penalties, or costs for doing so, unless specifically authorized by federal law. In the event that any such Named Plaintiff signs this Agreement and returns it to Defendant in less than the 21-day period identified above, such Named Plaintiff hereby acknowledges that he/she/they have freely and voluntarily chosen to waive the time period allotted for considering this Agreement. Each such Named Plaintiff acknowledges and understands that revocation must be accomplished by a written notification to Defense Counsel c/o Carrie McAtee at cmcatee@shb.com within seven (7) days of the date on which the Named Plaintiff signs this Agreement. Each such Named Plaintiff understands that if he/she/they revoke this waiver and release of ADEA claims on a timely basis, he/she/they will have no right to receive any Service Award as set forth in this Paragraph 10. The right to revocation pursuant to this Paragraph 10(c)

applies only to the waiver and release of claims arising under the ADEA; no Named Plaintiff may revoke his/her/their agreement to any other provision in this Agreement.

11. **Settlement Administration Costs and Administrator's Responsibilities.** The Administrator is solely responsible for calculating Individual Settlement Amounts, mailing the Class Notice, using standard devices to obtain forwarding addresses, independently reviewing and verifying documentation associated with any Requests for Exclusion, creation and maintenance of the QSF, the distribution and payment of all monies owed to Named Plaintiffs, all Settlement Class/Collective Members, and Class Counsel, and the withholding, payment, and reporting of any taxes associated with such payments, and such other claims administration duties described in, or necessary to carry out, this Agreement. Settlement Administration Costs will be paid from the Gross Settlement Amount not to exceed ▮▮▮▮▮▮ based on the all-in, not to exceed proposal provided by the Administrator. Any unapproved amount of Settlement Administration Costs shall be allocated to the Net Settlement Amount to be distributed to the Settlement Class/Collective Members in accordance with Paragraph 8 of this Agreement. Any Court order awarding Settlement Administration Costs less than the amount requested by the Parties shall not be grounds to rescind the Agreement or otherwise void the Settlement.

12. **Confidentiality.**

a. The Named Plaintiffs and Class Counsel agree to Defendant seeking to file this Agreement with all monetary terms redacted and an un-redacted copy of this Agreement under seal for the Court's approval of the same by filing an Unopposed Motion for Leave to File Confidential Settlement Agreement Under Seal for Court's Approval. Named Plaintiffs and Class Counsel agree not to oppose this Motion. The monetary terms Defendant will seek to file under seal shall include the Gross Settlement Amount, Net Settlement Amount and Subclass 1 Settlement

Share (all as defined herein), all monetary figures referenced in Paragraphs 3, 8(a)(i), 8(a)(ii), 9, 9(a), 10, and 11 herein, and all corresponding monetary figures referenced in the Class Notice and Motions for Preliminary and Final Approval. This Settlement is not contingent on the Court granting Defendant's Unopposed Motion for Leave to File Confidential Settlement Agreement Under Seal for Court's Approval, and the Court's ruling on said Motion does not give rise to a basis to abrogate this Agreement. In the event that there any timely objections to this Settlement in accordance with Paragraph 7(a) herein, Defense Counsel will file a motion to unseal these monetary terms.

b. Defendant and Named Plaintiffs agree to keep strictly confidential the Individual Settlement Amounts determined for Class/Collective Members and issued to Settlement Class/Collective Members pursuant to Paragraph 8 herein. Defendant, Named Plaintiffs and Class Counsel agree that these Individual Settlement Amounts shall not be filed with the Court unless the Court requires the Parties to submit the Individual Settlement Amounts for the Court's review. In the event that the Court requires the Parties to submit any Individual Settlement Amounts for the Court's review, Defendant (and Defense Counsel) will file an unopposed motion to submit such Individual Settlement Amounts under seal or for the Court's review *in camera*. In the event the Court denies Defendant's unopposed motion to submit such Individual Settlement Amounts under seal, the Individual Settlement Amounts will be filed with the Court not under seal.

c. Except for advising the Court of this Agreement, and notwithstanding whether the Court grants Defendant's Unopposed Motion for Leave to File Confidential Settlement Agreement Under Seal for Court's Approval, Named Plaintiffs and Defendant agree to keep strictly confidential and not to identify, describe, disclose, testify, convey or discuss with any individual, person, organization, corporation or other entity the terms of this Agreement, except:

29

(1) where disclosure is required by law; (2) the Named Plaintiffs and Defendant may disclose the Agreement to his/her/their/its respective attorney(s), immediate families, tax authorities, financial advisor(s), and for the purposed of filing tax documents. Named Plaintiffs agree that they will not contact any media outlet, comment to any media outlet or otherwise publicly comment regarding the Settlement. If contacted by the media, Named Plaintiffs will in substance state only that the Action and all disputes among the Parties have been resolved to the satisfaction of all Parties, without providing any additional information regarding the Action or this Settlement. Notwithstanding the foregoing, nothing herein shall prevent Class Counsel from communicating with Class/Collective Members about the Settlement or this Agreement and nothing herein shall prevent Defendant or its parent company from filing any regulatory disclosures regarding the Action or from complying with legal obligations.

13. **Dismissal with Prejudice.** Upon final approval of this Agreement by the Court, the Action, including the Complaint, will be dismissed with prejudice in its entirety. The Parties will request that the Court retain jurisdiction to enforce this Agreement.

14. **No Representations.** In entering into this Settlement, no Party relies on any statements, representations, or promises not described in this Agreement.

15. **Consent.** Each Party has carefully read and understands this Agreement and has received independent legal advice with respect to the Agreement.

16. **Successors.** This Agreement will inure to the benefit of and be binding upon each Party's heirs, trustees, executors, administrators, successors, and assigns.

17. **No Assignments.** No Named Plaintiff, Class Counsel and Defendant has assigned or transferred, or purported to assign or transfer, to any other person or entity any rights or interests pertaining to this Action, this Settlement, or this Agreement.

**18.** **No Presumptions.** This Agreement constitutes a negotiated contract and is the result of negotiation among the Parties. In interpreting this Agreement, there will not be any presumption of interpretation against any Party.

**19.** **No Admissions.** This Agreement is the result of a compromise between the Parties for the sole purpose of resolving this matter and avoiding the time and expense of further litigation. Nothing in this Agreement constitutes an admission of liability or the propriety of class certification by any Party or Released Parties with regard to the subject matter of the Action. Nothing set forth in this Agreement, the fact of the Settlement, or any act performed or document executed pursuant to or in furtherance of the Settlement may be construed or used as an admission or evidence of the validity of any claim or allegation, or of any act, omission, liability or wrongdoing on the part of the Released Parties or as supporting certification in any action or proceeding of any kind whatsoever. Neither this Agreement's acceptance by the Parties nor its filing with the Court shall, in themselves, render this Agreement admissible in evidence in any other proceeding, subject to the limited exception that it shall be admissible in an action or proceeding to approve, interpret or enforce this Agreement.

**20.** **Stipulation for Class Certification.** For settlement purposes only, Defendant will stipulate that the Rule 23 Subclass 1 Members and Rule 23 Subclass 2 Members who do not timely and validly request exclusion from the Settlement may be certified as settlement subclasses pursuant to Fed. R. Civ. P. 23. This stipulation to certification is in no way an admission that class action certification is proper and shall not be admissible in this or in any other action except for the sole purposes of enforcing this Agreement. If, however, the Effective Date does not occur for any reason, the Parties' stipulation to class certification as part of the Settlement shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in connection with the

31

issue of whether or not certification would be appropriate in a non-settlement context. Defendant expressly reserves its rights and declares that it would continue to oppose class certification and the substantive merits of the case if the Effective Date does not occur for any reason.

**21.     Tax Liability.** Defendant, Released Parties, Defense Counsel, and Class Counsel make no representations as to the tax treatment or legal effect of the payments called for under this Agreement, and Named Plaintiffs, Class/Collective Members are not relying on any statement or representation by Defendant, any of the Released Parties, Defense Counsel or Class Counsel in this regard. Named Plaintiffs and the Class/Collective Members understand and agree that they will be solely responsible for the payment of any taxes and penalties assessed on the payments described in this Agreement, except that Defendant will remain responsible for Defendant's share of any state and federal payroll taxes imposed by applicable law for the wage payment portion of the Individual Settlement Amounts (such as, for example, the employer's share of federal, state and local taxes, worker's compensation insurance, unemployment insurance, or the employer's social security contributions).

**22.     No Determination of Eligibility for Employee Benefits.** The amounts paid to Settlement Class/Collective Members as described in Paragraph 8 are for the settlement of disputed claims and do not constitute actual wages for the purpose of eligibility for, or calculation of, any employee benefits (e.g., vacations, holiday pay, retirement plans etc.) of the Settlement Class/Collective Members, and Defendant will not modify the Settlement Class/Collective Members' previously credited hours of service or other eligibility criteria under any employee benefit or welfare plan sponsored by Defendant, unless otherwise required by law. Rather, it is the Parties' intention that this Agreement will not affect any rights, contributions, or amounts to which any Settlement Class/Collective Member may be entitled under any benefit plans.

**23.** **Interim Stay of Proceedings.** To the extent required, and pending completion of all of the prerequisites necessary to effectuate this Settlement, the Parties agree, subject to Court approval, to a stay of all proceedings in the Action except such are necessary to effectuate the Settlement.

**24.** **Final Approval Not Obtained.** If the Court does not issue the Final Approval Order or fails to approve any material condition of this Agreement, except as otherwise specifically noted herein, which effects a fundamental change of the Settlement and the Parties do not mutually agree to such fundamental change, the entire Agreement shall be rendered void and unenforceable as to all Parties herein at the option of Plaintiffs or Defendant. Material conditions include any modification of Paragraph 4 herein (including all of its subparts 4(a) through 4(c)) and/or to the Gross Settlement Amount, Net Settlement Amount, Class/Collective Members, the Released FLSA Collective Action Member Claims, the Released Rule 23 Class Member Claims, and/or the Released Parties as defined herein. Among other things, non-material terms, terms which do not effect a fundamental change of the Settlement and the Parties mutually agree are not fundamental changes, include any modification of any confidentiality, filing of paperwork under seal, or similar provision in this Agreement as outlined in Paragraph 12 or otherwise herein. If for any reason the Effective Date does not occur, the Settlement shall be null and void and the orders, judgment, and dismissal to be entered pursuant to this Agreement shall be vacated; Plaintiffs and Defendant will have no further obligations under the Settlement, including any obligation by Defendant to pay the Gross Settlement Amount, or any amounts that otherwise would have been owed under this Agreement; the Parties will be returned to the status quo prior to entering this Agreement, and the Parties do not waive, and instead expressly reserve, their respective rights to prosecute, appeal and defend this Action as if this Agreement never existed. In this event, this Agreement and all

information, negotiations, and discussions leading to or arising out of this Agreement shall not be used as evidence or for any other purpose in this Action or any lawsuit against Defendant alleging any violation of any federal, state, or local wage and hour laws.

25. **Duty to Defend.** The Parties will comply with the Agreement in good faith, will fully support the Agreement's approval and enforcement, and will defend the Agreement from any legal challenge, whether by appeal or collateral attack. The Parties and their counsel agree not to encourage Class/Collective Members to exclude themselves from and/or object to this Settlement. The Parties and their counsel agree not to discourage Settlement Class/Collective Members from cashing, depositing, or otherwise negotiating their Individual Settlement Payment checks. If the Court disapproves the Settlement, the Parties will confer in good faith to modify the settlement terms as reasonably necessary to obtain Court approval, although Defendant has no obligation to increase the Gross Settlement Amount, modify Paragraph 4 herein (including its subparts 4(a) through 4(c)) or modify the Class/Collective Members, the Released FLSA Collective Action Member Claims, the Released Rule 23 Class Member Claims, and/or Released Parties as defined herein.

26. **Mutual Preparation.** The Parties have had a full opportunity to negotiate the terms and conditions of this Agreement. This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms-length negotiations between the Parties, all Parties have contributed to the preparation of this Agreement.

27. **Warranty of Authority.** Each signatory below warrants and represents that he/she/they is competent and authorized to enter into this Agreement on behalf of the Party for whom he/she/they purports to sign.

**28.** **Signatures of All Class Members Unnecessary to be Binding.** It is agreed that, with the exception of the Named Plaintiffs, because the Class/Collective Members are numerous, it is impractical to have each Class/Collective Member execute this Agreement. The Class Notice will advise all Class/Collective Members of the binding nature of the Release provided in Paragraph 4 herein such shall have the same force and effect as if this Agreement was executed by each Settlement Class/Collective Member.

**29.** **Modification.** This Agreement may not be changed, altered or modified, except in writing signed by the Parties and approved by the Court.

**30.** **Integration.** This Agreement contains the entire agreement between the Parties relating to the settlement of this Action, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the settlement of the Action, are merged in this Agreement. Except for those set forth and included expressly in this Agreement, there are no other agreements, covenants, promises, representations or arrangements between the Parties with respect to the settlement of the Action.

**31.** **Waiver.** The waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

**32.** **Applicable Law.** This Agreement will be governed, enforced, and interpreted according to Ohio law, without regard to choice of law principles.

**33.** **Further Actions.** Going forward, the Parties will work in good faith to prepare and execute any documents deemed reasonably necessary to consummate, evidence, or confirm the terms of this Settlement and ensure the prompt approval and administration of this Settlement.

**34.** **Execution.** This Agreement may be executed in counterparts and by written or electronic signature, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: Jul 16, 2022

_____
Parris McKnight (Jul 16, 2022 11:52 EDT)
Parris McKnight

Dated: _____

_____
Dawn Adams

Dated: _____

_____
Matthew Bailey

Dated: _____

_____
Ryan Evans

Dated: _____

_____
Corey Green

Dated: _____

_____
Deresse Jackson

Dated: _____

_____
Latonya Jordan

Dated: _____

_____
Joshua Livingston

Dated: _____

_____
Michael Metz

Dated: _____

_____
Robert Metz

Dated: _____

_____
Frederick Midgley

Dated: _____

_____
Randi Robinson

34. **Execution.** This Agreement may be executed in counterparts and by written or electronic signature, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____

_____
Parris McKnight

Dated: **Jul 19, 2022**

_____
Dawn Adams (Jul 19, 2022 20:07 EDT)
Dawn Adams

Dated: _____

_____
Matthew Bailey

Dated: _____

_____
Ryan Evans

Dated: _____

_____
Corey Green

Dated: _____

_____
Deresse Jackson

Dated: _____

_____
Latonya Jordan

Dated: _____

_____
Joshua Livingston

Dated: _____

_____
Michael Metz

Dated: _____

_____
Robert Metz

Dated: _____

_____
Frederick Midgley

Dated: _____

_____
Randi Robinson

36

**34.** **Execution.** This Agreement may be executed in counterparts and by written or electronic signature, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____

_____
Parris McKnight

Dated: _____

_____
Dawn Adams

Dated: Jul 17, 2022

*MATTHEW T. BAILEY*
MATTHEW T. BAILEY (Jul 17, 2022 09:22 EDT)
_____
Matthew Bailey

Dated: _____

_____
Ryan Evans

Dated: _____

_____
Corey Green

Dated: _____

_____
Deresse Jackson

Dated: _____

_____
Latonya Jordan

Dated: _____

_____
Joshua Livingston

Dated: _____

_____
Michael Metz

Dated: _____

_____
Robert Metz

Dated: _____

_____
Frederick Midgley

Dated: _____

_____
Randi Robinson

36

**34.** **Execution.** This Agreement may be executed in counterparts and by written or electronic signature, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____  
_____  
Parris McKnight

Dated: _____  
_____  
Dawn Adams

Dated: _____  
_____  
Matthew Bailey

Dated: **Jul 18, 2022**  
_____  
Ryan Evans (Jul 18, 2022 09:36 EDT)  
Ryan Evans

Dated: _____  
_____  
Corey Green

Dated: _____  
_____  
Deresse Jackson

Dated: _____  
_____  
Latonya Jordan

Dated: _____  
_____  
Joshua Livingston

Dated: _____  
_____  
Michael Metz

Dated: _____  
_____  
Robert Metz

Dated: _____  
_____  
Frederick Midgley

Dated: _____  
_____  
Randi Robinson

CONFIDENTIAL CLASS/COLLECTIVE ACTION
SETTLEMENT AGREEMENT AND RELEASE

**34.** **Execution.** This Agreement may be executed in counterparts and by written or electronic signature, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____      _____
     Parris McKnight

Dated: _____      _____
     Dawn Adams

Dated: _____      _____
     Matthew Bailey

Dated: _____      _____
     Ryan Evans

Dated: Jul 18, 2022      *Corbett Green*
     Corbett Green (Jul 18, 2022 19:31 EDT)
     Corey Green      Legal Name: Corbett Green

Dated: _____      _____
     Deresse Jackson

Dated: _____      _____
     Latonya Jordan

Dated: _____      _____
     Joshua Livingston

Dated: _____      _____
     Michael Metz

Dated: _____      _____
     Robert Metz

Dated: _____      _____
     Frederick Midgley

Dated: _____      _____
     Randi Robinson

**34.** <u>Execution.</u> This Agreement may be executed in counterparts and by written or electronic signature, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____

_____
Parris McKnight

Dated: _____

_____
Dawn Adams

Dated: _____

_____
Matthew Bailey

Dated: _____

_____
Ryan Evans

Dated: _____

_____
Corey Green

Dated: **Jul 17, 2022**

*Deresse Jackson*
Deresse Jackson (Jul 17, 2022 13:32 EDT)
_____
Deresse Jackson

Dated: _____

_____
Latonya Jordan

Dated: _____

_____
Joshua Livingston

Dated: _____

_____
Michael Metz

Dated: _____

_____
Robert Metz

Dated: _____

_____
Frederick Midgley

Dated: _____

_____
Randi Robinson

36

**34.** **Execution.** This Agreement may be executed in counterparts and by written or electronic signature, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____

_____
Parris McKnight

Dated: _____

_____
Dawn Adams

Dated: _____

_____
Matthew Bailey

Dated: _____

_____
Ryan Evans

Dated: _____

_____
Corey Green

Dated: _____

_____
Deresse Jackson

Dated: **Jul 19, 2022**

_____
LaTonya Jordan (Jul 19, 2022 18:50 EDT)
Latonya Jordan

Dated: _____

_____
Joshua Livingston

Dated: _____

_____
Michael Metz

Dated: _____

_____
Robert Metz

Dated: _____

_____
Frederick Midgley

Dated: _____

_____
Randi Robinson

34. **Execution.** This Agreement may be executed in counterparts and by written or electronic signature, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____

_____
Parris McKnight

Dated: _____

_____
Dawn Adams

Dated: _____

_____
Matthew Bailey

Dated: _____

_____
Ryan Evans

Dated: _____

_____
Corey Green

Dated: _____

_____
Deresse Jackson

Dated: _____

_____
Latonya Jordan

Dated: **Jul 17, 2022**

_____
Joshua Livingston (Jul 17, 2022 11:16 EDT)
Joshua Livingston

Dated: _____

_____
Michael Metz

Dated: _____

_____
Robert Metz

Dated: _____

_____
Frederick Midgley

Dated: _____

_____
Randi Robinson

**34.** **Execution.** This Agreement may be executed in counterparts and by written or electronic signature, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____

_____
Parris McKnight

Dated: _____

_____
Dawn Adams

Dated: _____

_____
Matthew Bailey

Dated: _____

_____
Ryan Evans

Dated: _____

_____
Corey Green

Dated: _____

_____
Deresse Jackson

Dated: _____

_____
Latonya Jordan

Dated: _____

_____
Joshua Livingston

Dated: Jul 19, 2022

*Michael P metz*
Michael P metz (Jul 19, 2022 14:22 EDT)
_____
Michael Metz

Dated: _____

_____
Robert Metz

Dated: _____

_____
Frederick Midgley

Dated: _____

_____
Randi Robinson

36

34. **Execution.** This Agreement may be executed in counterparts and by written or electronic signature, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____

_____
Parris McKnight

Dated: _____

_____
Dawn Adams

Dated: _____

_____
Matthew Bailey

Dated: _____

_____
Ryan Evans

Dated: _____

_____
Corey Green

Dated: _____

_____
Deresse Jackson

Dated: _____

_____
Latonya Jordan

Dated: _____

_____
Joshua Livingston

Dated: _____

_____
Michael Metz

Dated: **Jul 19, 2022**

_____
Robert Metz (Jul 19, 2022 16:25 EDT)
Robert Metz

Dated: _____

_____
Frederick Midgley

Dated: _____

_____
Randi Robinson

**34.** **Execution.** This Agreement may be executed in counterparts and by written or electronic signature, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____

_____
Parris McKnight

Dated: _____

_____
Dawn Adams

Dated: _____

_____
Matthew Bailey

Dated: _____

_____
Ryan Evans

Dated: _____

_____
Corey Green

Dated: _____

_____
Deresse Jackson

Dated: _____

_____
Latonya Jordan

Dated: _____

_____
Joshua Livingston

Dated: _____

_____
Michael Metz

Dated: _____

_____
Robert Metz

Dated: **Jul 19, 2022**

_____
Frederick r Midgley (Jul 19, 2022 12:03 EDT)
Frederick Midgley

Dated: _____

_____
Randi Robinson

36

34.    **Execution.** This Agreement may be executed in counterparts and by written or electronic signature, each of which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____    _____
                                              Parris McKnight

Dated: _____    _____
                                              Dawn Adams

Dated: _____    _____
                                              Matthew Bailey

Dated: _____    _____
                                              Ryan Evans

Dated: _____    _____
                                              Corey Green

Dated: _____    _____
                                              Deresse Jackson

Dated: _____    _____
                                              Latonya Jordan

Dated: _____    _____
                                              Joshua Livingston

Dated: _____    _____
                                              Michael Metz

Dated: _____    _____
                                              Robert Metz

Dated: _____    _____
                                              Frederick Midgley

Dated: **Jul 16, 2022**    _____
                                              Randi Robinson (Jul 16, 2022 01:12 EDT)
                                              Randi Robinson

36

## CONFIDENTIAL CLASS/COLLECTIVE ACTION
## SETTLEMENT AGREEMENT AND RELEASE

Dated: **Jul 19, 2022**

_____
Tia Robinson [Jul 19, 2022 12:39 EDT]
Tia Robinson

Dated: _____

_____
Tyronn Taylor

Dated: _____

_____
For Class Counsel

Dated: _____

_____
For Erico International Corporation
Its (Title): _____

Dated: _____

_____
For Defense Counsel

**CONFIDENTIAL CLASS/COLLECTIVE ACTION**
**SETTLEMENT AGREEMENT AND RELEASE**

Dated: _____

_____
Tia Robinson

Dated: **Jul 19, 2022**

_____
Tyronn taylor (Jul 19, 2022 11:31 EDT)
Tyronn Taylor

Dated: _____

_____
For Class Counsel

Dated: _____

_____
For Erico International Corporation
Its (Title): _____

Dated: _____

_____
For Defense Counsel

37

## CONFIDENTIAL CLASS/COLLECTIVE ACTION
## SETTLEMENT AGREEMENT AND RELEASE

Dated: _____

_____

Tia Robinson

Dated: _____

_____

Tyronn Taylor

Dated: Jul 16, 2022

_____

Ryan Winters (Jul 16, 2022 12:01 EDT)

For Class Counsel

Dated: _____

_____

For Erico International Corporation

Its (Title): _____

Dated: _____

_____

For Defense Counsel

37

Dated: 7/21/22

For Erico International Corporation
Its (Title): Vice President

For Defense Counsel

38