**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| PARRIS MCKNIGHT, *et al.*, | ) Case No. 1:21-cv-01826 |
| Plaintiffs, | ) Judge J. Philip Calabrese |
| v. | ) Magistrate Judge Thomas M. Parker |
| ERICO INTERNATIONAL CORPORATION, | ) |
| Defendant. | ) |

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

The matter is before the Court on the parties' Joint Motion for Preliminary Approval of Class Action Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. The Joint Motion asks the Court to approve preliminarily, as fair and reasonable, the proposed settlement the parties reached as memorialized in their Confidential Class/Collective Action Settlement Agreement and Release.

Having reviewed the Settlement Agreement, as well as the pleadings and papers filed in this action, and for good cause shown, the Court enters this Preliminary Approval Order, as follows:

1. The Settlement Agreement, together with its attached exhibits, sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the action against Defendant, was the result of extended arms-length and informed negotiations by the parties. Accordingly, the Court **GRANTS** the Joint Motion, and **PRELIMINARILY APPROVES** the settlement of this action because

1

it appears that, at the final approval stage, the Court "will likely be able to" approve the settlement under the criteria described in Rule 23(e)(2) and, for settlement purposes only, certify the settlement class under the criteria described in Rules 23(a) and 23(b)(3). *See* Fed. R. Civ. P. 23(e)(1)(B)(i)–(ii).

2. Plaintiffs Parris McKnight, Dawn Adams, Matthew Bailey, Ryan Evans, Corey Green, Deresse Jackson, Latonya Jordan, Joshua Livingston, Michael Metz, Robert Metz, Frederick Midgley, Randi Robinson, Tia Robinson, and Tyronn Taylor filed a Class and Collective Action Complaint on September 27, 2021. (ECF No. 1.) Plaintiffs allege that they and other similarly situated employees were not paid for all time worked, including compensable time at the beginning and end of their shifts as a result of Defendant's alleged unlawful time editing and rounding policies, and are owed overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207, and Sections 4111.03 and 4111.10 of the Ohio Revised Code. (*See id.*, ¶¶ 47–58, PageID #9–11.) Defendant denies Plaintiffs' claims and asserts various defenses. (ECF No. 15.)

3. The parties engaged in comprehensive discovery of wage and hour records and analysis regarding Plaintiffs' claims and Defendant's defenses to those claims. Class Counsel also conducted extensive investigation into the facts before and during the prosecution of this action. This discovery and investigation has included, among other things: (a) multiple meetings and conferences with the Court, Plaintiffs, and Defendant's counsel; (b) inspection and analysis of a statistically significant sample of class-wide documents Defendant produced, including analysis

of wage-and-hour information and other data and documents and development of a data analysis and methodology comprising of over 10,000,000 data points from the records Defendant produced; (c) analysis of Defendant's legal positions; (d) investigation into the viability of class treatment and collective action treatment; (e) analysis of potential class-wide damages; and (f) research of the applicable law with respect to the claims and potential defenses.

4. Settlement negotiations were arduous and contentious. In advance of the mediation, Plaintiffs prepared and submitted a comprehensive mediation position statement and demand addressing merits and damages issues. A full day mediation with Mediator Frank A. Ray, a seasoned and experienced mediator, on April 1, 2022 was successful in achieving a settlement. After mediation, the parties drafted settlement documents for filing with the Court, including the Settlement Agreement.

5. On June 21, 2022, the parties filed their Preliminary Approval Motion.

6. The settlement will resolve disputed claims between the parties. It will resolve wage-and-hour claims of the Named Plaintiffs and other Class/Collective Members pursuant to Rule 23(e), Section 4111.01 *et seq.*, and 29 U.S.C. §§ 207, 216(b). Settlement is appropriate because the released claims are being compromised without need to establish the elements of those claims on which liability turns, in addition to providing a substantial recovery to Class/Collective Action Members in light of the procedural and substantive encumbrances underscored by Defendant. Named Plaintiffs and Class Counsel believe the claims asserted in the matter have merit and that the evidence developed to-date supports the claims asserted. Plaintiffs

3

and Class Counsel, however, also recognize the risk and expense of trying and, if necessary, appealing this action and believe that the settlement confers substantial benefits on the Class/Collective Members.

7. The Court finds that the proposed Settlement satisfies the standard for approval of a class/collective action settlement under 29 U.S.C. § 216(b) and Section 4111.01 *et seq*. There is "a bona fide dispute between the parties as to the employer's liability under the FLSA," and the settlement "is fair, reasonable, and adequate." *Jackson v. Trubridge, Inc.*, No. 5:16-cv-00223, 2017 U.S. Dist. LEXIS 193782, at *4 (N.D. Ohio Jan. 26, 2017) (quoting *Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D. Ohio May 30, 2012)); *Osman v. Grube, Inc.*, No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *2 (N.D. Ohio May 4, 2018); *accord Landsberg v. Acton Ents.*, No. C2-05-500, 2008 U.S. Dist. LEXIS 51544, at *2 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982)).

8. As to the two proposed Rule 23 settlement classes, which are conditionally certified for settlement purposes only, the Court makes the following determination:

9. *The Rule 23 Subclass 1 Settlement Class* consists of all former and current non-exempt production employees of Defendant Erico International Corporation who worked at Defendant's ECN and/or ESN manufacturing facilities in Solon, Ohio at any time between February 5, 2018 to April 18, 2020, excluding employees who released Ohio wage and hour law claims as named or opt-in plaintiffs

in settlement of the action *Patricia Hardimon v. Erico International Corp.*, No. 1:20-cv-00246-PAB (N.D. Ohio).

10. *The Rule 23 Subclass 2 Settlement Class* consists of all former and current non-exempt production employees of Defendant Erico International Corporation who worked at Defendant's ECN and/or ESN manufacturing facilities in Solon, Ohio at any time between April 19, 2020 to April 1, 2022, excluding employees who released Ohio wage and hour law claims as named or opt-in plaintiffs in settlement of the action *Patricia Hardimon v. Erico International Corp.*, No. 1:20-cv-00246-PAB (N.D. Ohio).

11. The Court **PRELIMINARILY APPROVES** the settlement of this action under Rule 23 because it appears that, at the final approval stage, the Court "will likely be able to" approve the settlement under the criteria described in Rule 23(e)(2) and, for settlement purposes only, certify the settlement classes under the criteria described in Rules 23(a) and 23(b)(3). *See* Fed. R. Civ. P. 23(e)(1)(B)(i)–(ii).

12. Pursuant to Rules 23(c)(2)(B) and 23(e)(1), the Court approves the "Notice of Class Action Settlement" form attached to the Preliminary Approval Motion as Exhibit B and the notice protocols described in the Settlement Agreement. The Notice Form shall be sent to the "*Rule 23 Subclass 1 Members*" and the "*Rule 23 Subclass 2 Members*" as defined in the Settlement Agreement, pursuant to those protocols.

13. Individuals who wish to exclude themselves from the settlement must do so within 60 calendar days after the Settlement Administrator mails the Notice of

Class Action Settlement and must follow the procedures described in the Settlement Agreement and Notice Form.

14. Individuals who wish to object to the settlement must do so within 60 calendar days after the Settlement Administrator mails the Notice of Class Action Settlement and must follow the procedures described in the Settlement Agreement and Notice Form.

15. The law firm of Scott & Winters Law Firm, LLC is appointed interim class counsel pursuant to Rule 23(g)(3). The Court will make its final decision regarding the appointment of class counsel at the time of final approval and pursuant to the criteria described in Rule 23(g)(1).

16. Pursuant to Rule 23(e)(2), a Fairness Hearing addressing final approval of the settlement will be held on December 21, 2022 at 2:00 p.m. in Courtroom 16B of the Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland, OH 44113. During this hearing, the Court will hear from any objectors or other class members who wish to address the Court and will hear argument from counsel regarding, among other things, the following issues: whether the settlement warrants final approval under Rule 23(e)(2), 29 U.S.C. § 216(b), and Section 4111.01 *et seq.*; whether the two class action settlement subclasses should be certified under Rules 23(a) and 23(b)(3); whether the service awards described in the Settlement Agreement should be approved; and whether the attorneys' fees and litigation costs sought by interim class counsel and described in the Settlement Agreement should be approved under Rule 23(h).

17. Sufficiently in advance of the fairness hearing, interim class counsel shall file all papers in support of the final approval of the settlement and the associated issues described in Paragraph 16 above.

18. In the event that the Settlement does not receive final approval or the Effective Date of the Settlement does not occur, this Order and any other order conditionally certifying classes under Rule 23 shall be rendered null and void and shall be vacated.

**SO ORDERED.**

Dated: August 25, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio